IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICO CURTIS UNDERWOOD**                                              **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 2:17-cv-00168-KS-MTP**

**JEREMY DUNAWAY**                                                **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Complaint for false arrest [1] pursuant to 28 U.S.C. § 1983 and Defendant's Motion to Dismiss [41] pursuant to Fed. R. Civ. P. 12(b)(6). Having considered the parties' submissions and the applicable law, the undersigned recommends that Defendant's Motion to Dismiss [41] be granted and this matter be dismissed with prejudice until the conditions of *Heck v. Humphrey*[1] are met.

## BACKGROUND

Plaintiff, Rico Underwood, proceeding *pro se* and *in forma pauperis*, is an inmate in the custody of the Mississippi Department of Corrections. In his Complaint [1], Plaintiff states that on approximately June 12, 2017, he was in a room at the Broadway Inn when the Hattiesburg Police Department entered and arrested him for possession of a weapon after a felony conviction. He further states that he was charged without evidence.

On October 12, 2017, Plaintiff filed his Complaint [1] seeking monetary damages under the Civil Rights Act, 42 U.S.C. § 1983, alleging unlawful arrest for possession of a weapon after a felony conviction. On November 7, 2017, he pleaded guilty to the charge in the Circuit Court of Forrest County, Mississippi and was sentenced to a term of five years in the custody of the

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

Mississippi Department of Corrections. Motion to Dismiss ([41]-1). On February 28, 2019, the Court dismissed with prejudice Defendant the Hattiesburg Police Department, and dismissed without prejudice Defendants J. Harrison, Officer B. Nix, Officer D. Wynn II, Officer H. Crockett, Detective H. Robinson, Lieutenant Dale Bounds, Joe Kennedy, and P. Hendricks. Order [36]. The only Defendant that remains is Defendant Dunaway. *Id.* On March 29, 2019, Defendant filed a Motion to Dismiss [41] pursuant to *Heck* and the *Rooker-Feldman*[2] Doctrine. Plaintiff has not responded to the Motion to Dismiss.

## STANDARD

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Motions to dismiss are viewed with disfavor by the Fifth Circuit. *LeBeouf v. Manning*, 575 Fed. App'x 374, 376 (5th Cir. 2014). Additionally, "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor*

---

[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

## ANALYSIS

Plaintiff filed his Complaint [1] under the Civil Rights Act, 42 U.S.C. § 1983, which provides that civil liability may only be imposed upon someone

> who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress… .

42 U.S.C. § 1983. "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right secured by the Constitution and laws. If there has been no such deprivation, the state of mind of the defendant is wholly immaterial." *Baker v. McCollan*, 443 U.S. 137 (1979) (internal quotation marks omitted). Defendant submits that this case should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Motion to Dismiss [41].

Defendant argues that Plaintiff's § 1983 claims are barred by *Heck*.[3] To recover damages under § 1983 for a claim challenging a conviction, a plaintiff must show that "the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-487. A § 1983 cause of action for damages for false arrest "does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-

---

[3] Defendant also argues that Plaintiff's claim is barred by the *Rooker-Feldman* Doctrine, but the Court need not reach that argument. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462.

490. Also, a § 1983 claim cannot be brought if it necessarily requires the plaintiff to prove the unlawfulness of his or her conviction or confinement. *Id.* at 486.

A false imprisonment claim is an attack on probable cause and thus focuses on the validity of an arrest. *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 Fed. App'x 578, 583 (5th Cir. 2012). To "prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). An arrest without a warrant is permissible under the Fourth Amendment if there is probable cause to believe that a crime has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). To determine whether an arresting officer had probable cause, the Court "examine[s] the events leading up to the arrest, and then decide[s] 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause… ." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. U.S.*, 517 U.S. 690, 696 (1996)).

Plaintiff has not stated a § 1983 claim upon which relief can be granted. Plaintiff's false arrest claim "necessarily require[s] [him] to prove the unlawfulness of his conviction or confinement[.]" *Heck*, 512 U.S. at 486. Although Plaintiff states that "Det. Jeremy Dunaway [did not have] any evidence on Rico Underwood at all in my preliminary hearing," Plaintiff pleaded guilty to possession of a weapon by a felon. Response to Order ([33] at 2); Motion to Dismiss ([41]-1). Plaintiff has not presented any evidence showing that his conviction or sentence has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. If Plaintiff were to prevail on his false arrest claim, he would necessarily undermine the validity of his conviction. *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008). Accordingly, Plaintiff's § 1983 claim is barred by *Heck*.

Therefore, the undersigned recommends that the Court dismiss this action with prejudice until the conditions of *Heck* are met. Because Plaintiff has not satisfied the *Heck* requirement, he has no cause of action on his damage claims. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff cannot state a claim so long as the validity of his conviction has not been called into question. *Id.* Accordingly, Plaintiff's claim should be dismissed with prejudice until the *Heck* conditions are met.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Defendant's Motion to Dismiss [41] be GRANTED and that this matter be DISMISSED with prejudice until the *Heck* conditions are met.

## NOTICE OF RIGHT TO OBJECT

Pursuant to the Rules of this Court, any part, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 6th day of June, 2019.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge